**[J-34A-2020][M.O. - Baer, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| IN RE: ADOPTION OF K.M.G. | : | No. 55 WAP 2019 |
| | : | |
| | : | Appeal from the Order of the Superior |
| APPEAL OF: T.L.G., MOTHER | : | Court entered 9/13/19 at No. 580 WDA |
| | : | 2018, affirming the Decree entered |
| | : | 3/5/18 in the Court of Common Pleas of |
| | : | McKean County at No. 42-17-0239 |
| | : | |
| | : | SUBMITTED: April 16, 2020 |
| | | |
| IN RE: ADOPTION OF A.M.G. | : | No. 56 WAP 2019 |
| | : | |
| | : | Appeal from the Order of the Superior |
| APPEAL OF: T.L.G., MOTHER | : | Court entered 9/13/19 at No. 581 WDA |
| | : | 2018, affirming the Decree entered |
| | : | 3/5/18 in the Court of Common Pleas of |
| | : | McKean County at No. 42-17-0240 |
| | : | |
| | : | SUBMITTED: April 16, 2020 |
| | | |
| IN RE: ADOPTION OF S.A.G. | : | No. 57 WAP 2019 |
| | : | |
| | : | Appeal from the Order of the Superior |
| APPEAL OF: T.L.G., MOTHER | : | Court entered 9/13/19 at No. 582 WDA |
| | : | 2018, affirming the Decree entered |
| | : | 3/5/18 in the Court of Common Pleas of |
| | : | McKean County at No. 42-17-0241 |
| | : | |
| | : | SUBMITTED: April 16, 2020 |
| | | |
| IN RE: ADOPTION OF J.C.C. | : | No. 58 WAP 2019 |
| | : | |
| | : | Appeal from the Order of the Superior |
| APPEAL OF: T.L.G., MOTHER | : | Court entered 9/13/19 at No. 583 WDA |
| | : | 2018, affirming the Decree entered |
| | : | 3/5/18 in the Court of Common Pleas of |
| | : | McKean County at No. 42-17-0242 |
| | : | |
| | : | SUBMITTED: April 16, 2020 |

***CONCURRING OPINION***

**CHIEF JUSTICE SAYLOR**                    **DECIDED:  NOVEMBER 10, 2020**

I join the majority opinion.

Although our Juvenile Court Procedural Rules and numerous opinions appear to equate the legal interests of a child with the child's express wishes, I take this opportunity to clarify my view that the child's legal interests are broader in scope.  *See, e.g.*, National Ass'n of Counsel for Children, *NACC Recommendations for Representation of Children in Abuse and Neglect Cases* 11 (2001) (observing that the legal interests of the child may be unclear or contradictory, for example, "a child has a legal interest in being protected from abusive or neglectful parents").[1]  What Section 2313(a) of the Adoption Act requires is "counsel to *represent the child* in an involuntary termination proceeding," 23 Pa.C.S. §2313 (emphasis added), which I take to signify a client-directed relationship akin, to the extent possible, to one enjoyed by an adult. *Accord ABA Model Act Governing the Representation of Children in Abuse, Neglect, and Dependency Proceedings* §7(c) (2011), Commentary ("The child's lawyer helps to make the child's wishes and voice heard but is not merely the child's mouthpiece.  As with any lawyer, a child's lawyer is both an advocate and a counselor for the client.").

The ABA Model Act's discussion of a substituted judgment determination, as contrasted with a best-interests analysis, *see id.* §7(d) also has salience, in my view. *See* ABA Model Act §7(d), Commentary ("A substituted judgment determination is not the same as determining the child's best interests; . . . "[r]ather, it involves determining

---

[1] These recommendations are presently under review for revisions.  *See* National Ass'n of Counsel for Children, *Standards of Practice* https://www.naccchildlaw.org/page/StandardsOfPractice (last visited Aug. 14, 2020).

what the child would decide if he or she were able to make an adequately considered decision."). Thus, I would also clarify that a child's legal counsel in involuntary termination proceedings should carefully screen against conflicts -- not only between the expressed and best interests of the child -- but also between his substituted judgment determination (applicable where children lack the capacity to express their wishes) and a best-interests analysis. When either sort of conflict exists, counsel should seek the appointment of an independent, best-interests advocate.